IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
2:14-CV-34-BO

| | | |
|---|---|---|
| BEATRICE LOVETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CRACKER BARREL OLD COUNTRY STORE, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on the motion (D.E. 29) by now pro se[1] plaintiff Beatrice Lovett ("plaintiff") to compel discovery from defendant Cracker Barrel Old Country Store, Inc. ("defendant"). The motion has been fully briefed (*see* D.E. 29-1, D.E. 34) and referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A) (*see* Public D.E. dated 8 June 2015). For the reasons set forth below, the motion will be allowed in part and denied in part.

## BACKGROUND

Defendant operates a national chain of stores, each of which has a restaurant side and a retail side. Retail employees are generally supervised by a retail manager and restaurant employees a separate restaurant manager. The stores are organized into retail districts and restaurant districts. The retail and restaurant store managers report to retail and restaurant district managers.

---

[1] Counsel who had been representing plaintiff from the commencement of this case withdrew with leave of court on 5 June 2015. (*See* D.E. 36).

On or about 9 August 2012, plaintiff was hired as a shift leader trainee to work in the retail side of defendant's store on Ashbrook Highway in Roanoke Rapids, North Carolina ("Roanoke Rapids store"), designated by defendant as Unit #81. She worked there until March 2014, when she alleges she was discharged without ever being made a shift leader.[2] Her allegations end as of that time. (The period from August 2012 to March 2014 covered by the allegations in the Amended Complaint is hereafter referred to as the "alleged discriminatory period.") The Roanoke Rapids store was located in Retail District 11 during the alleged period of discrimination. District 11 included stores in other parts of North Carolina.

Plaintiff commenced this case on 19 June 2014. In her amended complaint, she alleges that defendant[3] discriminated against her because of her race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, by depriving her of training, subjecting her to disparate discipline, maintaining a hostile and offensive working environment, and decreasing her hours and eventually removing her from the work schedule, thereby discharging her. She further alleges that defendant retaliated against her for complaining of the alleged discrimination, also in violation of Title VII. She seeks injunctive relief, compensatory damages, punitive damages, and other relief.

---

[2] Regarding plaintiff's allegation of discharge, *see* Am. Compl. 1 ("The[] unlawful and injurious practices alleged herein include, but are not limited to, harassment, the unequal application of discipline and *discharge* based on race and retaliation." (emphasis added)); ¶ 26 ("[Plaintiff] was taken off the schedule and has not had any work hours since March 2014, even though [defendant] purports that she is still its[] employee."). Defendant contends that plaintiff remained an employee after March 2014 but did not receive work because of limitations in her availability and resumed working by around May 2015. (*See* Def.'s Resp. to Int. no. 3; Aff. of Lisa Rice ("Rice Aff.") (D.E. 34-2) ¶ 4 n.1). That plaintiff resumed work with defendant does not eliminate the possibility that she was constructively discharged and then rehired. In any event, whether or not plaintiff was discharged is clearly an issue in dispute.

[3] The original complaint named other defendants, but they were dismissed by stipulation (D.E. 18). In addition, although the complaint used both the current name and the former name of defendant, CBOCS, Inc., the former name, which is used in various discovery requests at issue, was deleted from the caption by consent order entered 17 March 2015 (D.E. 26).

2

Plaintiff served on defendant on 5 February 2015 her first set of interrogatories and requests for production, to which defendant responded on 8 April 2015 (*see* D.E. 34-3). Defendant's responses included numerous boilerplate objections alleging vagueness and ambiguity, overbreadth, undue burden, irrelevance, and protection under the work product doctrine and attorney-client privilege. On 11 May 2015, after discussions between counsel, defendant produced to plaintiff supplementary information, a privilege log, and other documents. On the same date, notwithstanding her awareness that defendant would be supplementing its responses and prior to receipt of the supplementation, plaintiff filed the instant motion to compel. The discovery requests identified in plaintiff's supporting memorandum as to which she seeks an order compelling production are interrogatories nos. 2, 3, 10, 11, and 12-16, and production requests nos. 14 and 15.[4]

## DISCUSSION

### I. APPLICABLE LEGAL PRINCIPLES

#### A. Standards Governing Discovery Generally

The Federal Civil Rules enable parties to obtain information by serving requests for discovery on each other, including requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.

---

[4] Attached to plaintiff's memorandum is a document (D.E. 29-2) entitled "Deficiencies in Defendant's Responses to Discovery" that sets out various interrogatories and production requests with defendant's responses, including several production requests not addressed in plaintiff's memorandum. The court does not deem these other production requests to be within the scope of plaintiff's motion, not only because plaintiff did not discuss them in her memorandum, but also because, according to the motion itself, this document was used in negotiations between counsel over the discovery requests and was therefore not prepared specifically for the motion. (*See* Mot. ¶ 8). Consistent with this view, the document does not include one interrogatory, no. 10, which is addressed in plaintiff's memorandum. Defendant submitted a copy of this interrogatory and its response to it. (*See* Def.'s Resp. to Int. no. 10).

3

> Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *EEOC v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 Jun. 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-cv-00718-AW, 2012 WL 3127023, at *4 (D. Md. 26 July 2012) ("In order to limit the scope of discovery, the 'party resisting discovery bears the burden of showing why [the discovery requests] should not be granted.'") (quoting *Clere v. GC Servs., L.P.*, No. 3:10-cv-00795, 2011 WL 2181176, at *2 (S.D. W. Va. 3 June 2011))). In addition, the court may limit the extent of discovery otherwise allowable where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii); *see also Basile Baumann Prost Cole & Assocs., Inc. v. BBP & Assocs. LLC,* No. WDQ-11-2478, 2013 WL 1622001, at *3 (D. Md. 9 Apr. 2013) ("Further, '[a]ll discovery is subject to the [proportionality] limitations imposed by Rule 26(b)(2)(C).'" (quoting Fed. R. Civ. P. 26(b)(1))).

4

Rule 33 of the Federal Rules of Civil Procedure governs the service of interrogatories. Fed. R. Civ. P. 33. It provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). Rule 33 requires that a party served with interrogatories answer each fully under oath to the extent that the party does not object to the interrogatory. Fed. R. Civ. P. 33(b)(3). Objections not made timely are waived, subject to excuse by the court for good cause. Fed. R. Civ. P. 33(b)(4).

Rule 34 governs requests for production of documents. *See generally* Fed. R. Civ. P. 34. A party asserting an objection to a particular request "must specify the part [to which it objects] and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). In addition, where the objection asserted is one of privilege, a party must expressly assert it in response to the particular discovery request involved and serve with its discovery responses a privilege log in conformance with Fed. R. Civ. P. 26(b)(5)(A). Failure to timely serve a privilege log meeting the requirements of Rule 26(b)(5)(A) may be deemed a waiver of the privilege otherwise claimed. *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 577 (D. Md. 2010) ("Absent consent of the adverse party, or a Court order, a privilege log (or other communication of sufficient information for the parties to be able to determine whether the privilege applies) must accompany a written response to a Rule 34 document production request, and a failure to do so may constitute a forfeiture of any claims of privilege.").

Rule 37 allows for the filing of a motion to compel discovery responses. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv).

    **B.**    **Standards Governing Discovery in Disparate Treatment Cases**

The principles governing discovery in disparate treatment cases are well established:

> Either at summary judgment or at trial in order to demonstrate a prima facie case of disparate treatment or pretext, Plaintiffs may need to establish that they were treated differently than other similarly-situated employees. *Lauture v. St. Agnes Hosp.*, 429 Fed. Appx. 330, 2011 WL 1881969, at *5 (4th Cir. May 18, 2011) (citing *Gilliam v. South Carolina Dep't of Juvenile Justice*, 474 F.3d 134, 142 (4th Cir. 2007)); *see Allen v. Pacific Coast Feather Co.*, No. 5:10–CV–484–FL, 2012 WL 1441428, at *3 (E.D.N.C. Apr. 26, 2012). In determining whether two employees are similarly situated the court looks at all relevant factors. *See Allen*, 2012 WL 1441428, at *3; *see also Haywood v. Locke*, 387 Fed. Appx. 355, 359 (4th Cir. 2010) (to show that a plaintiff is similar to a comparator, a plaintiff must provide evidence that the employees "dealt with the same supervisor, [were] subject to the same standards and . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it."). The standard for discoverability is much broader than that of the admissibility of evidence. *See Allen*, 2012 WL 1441428, at *4. In a disparate treatment case, discovery should be "reasonably related to the circumstances involved in the alleged discrimination and to a time frame involving the alleged discriminatory conduct and the individuals who are allegedly involved in that conduct." *Rodger*, 155 F.R.D. at 540 (quoting *Hardrick v. Legal Srvcs. Corp.*, 96 F.R.D. 617, 618–19 (D.D.C.1983)).

*Fulford v. Daughtry*, No. 4:11-CV-103-FL, 2012 WL 3656532, at *5 (E.D.N.C. 24 Aug. 2012). The time frame may appropriately include a period before, as well as after, commission of the alleged discriminatory acts against the plaintiff because conduct by the employer during such periods can be relevant to establishing that a pattern or practice of discrimination existed, or that the reasons given by the employer for actions against the plaintiff are pretextual. *See*, *e.g.*, *EEOC v. Altec Indus., Inc.*, No. 1:10-CV216, 2012 WL 2295621, at *1-2 (W.D.N.C. 18 Jun. 2012) (noting "'undue restrictions of discovery in Title VII cases are especially frowned upon'" and allowing plaintiff's motion to compel discovery for a period of almost 6 years, 1 year before the alleged discrimination and 5 years after) (quoting *Audrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986)); *Lyoch v. Anheuser-Busch Cos.*, 164 F.R.D. 62, 66-67 (E.D. Mo. 1995); *E.E.O.C. v. Kelly-Springfield Tire Co.*, No. 84–16–MISC–3, 1985 WL 1302, at *3 (E.D.N.C. 11 Mar. 1985); *see also Smith v. Bayer Material Science, LLC*, No. 5:12-CV-171, 2013 WL 3153467, at *5 (N.D.W. Va. 19 June 2013) ("Further, 'evidence of general patterns of

6

discriminatory treatment by an employer is relevant even in the individual disparate treatment case.'" (quoting *Zahorik v. Cornell Univ.*, 98 F.R.D. 27, 31 (N.D.N.Y. 1983)).

## II.     ANALYSIS OF PLAINTIFF'S DISCOVERY RESPONSES

### A.     Interrogatory No. 2

This interrogatory seeks the identity of "each black employee who ceased active employment with [defendant] in the State of North Carolina, for any reason during the period from January 1, 2010 through the date of your response, whether through resignation, discharge, retirement, disability or other reason" and additional information relating to each employee. (Int. no. 2). In response, subject to numerous objections, defendant produced a spreadsheet providing the information requested for employees at the Roanoke Rapids store, not all North Carolina stores.

The court finds defendant's response deficient. In her affidavit, the Retail District Manager for Retail District 11 during the alleged period of discrimination, Lisa Rice, states that she "was the ultimate decision-maker with regard to the employment decisions that have been made relating to [plaintiff]." (Rice Aff. ¶ 10). Therefore, employees at all stores within District 11, not simply the Roanoke Rapids store, should be included among those similarly situated to plaintiff. Although this interrogatory seeks information for employees in all of North Carolina, the record does not show that information regarding stores outside District 11 is relevant. Accordingly, the geographical limitation in interrogatory no. 2 (as well as the other interrogatories presenting the same issue) shall be deemed to be District 11.

Defendant has adequately demonstrated that, given the differences in the nature of the work between the retail and restaurant sides of its business and the separate management structure for each, only other retail employees should be included among those deemed similarly

7

situated to plaintiff. Therefore, interrogatory no. 2 (and the other interrogatories presenting the same issue) shall be deemed to include only retail employees. Management employees will not be excluded because the name of the position for which plaintiff alleges she was hired—shift leader—suggests that it entails supervisory responsibilities, although defendant maintains that it is not a managerial position (*see* Rice Aff. ¶ 8).

The time period specified in interrogatory no. 2—1 January 2010 through the date of defendant's response—is appropriate. It covers a reasonable period, about two and half years, prior to plaintiff's employment and a reasonable time after the alleged period of discrimination, which ended in March 2014.

Defendant has not demonstrated that responding to this interrogatory, even as modified herein, would place an excess burden on it. Nor has defendant shown that responding to this interrogatory would otherwise be violative of its rights.

Defendant shall accordingly serve on plaintiff by 21 July 2015 a verified supplemental response to interrogatory no. 2 providing the requested information for retail employees in Retail District 11 for the specified period, to the extent not already produced by defendant.

### B.     Interrogatory No. 3

This interrogatory requests the identity and other information regarding any other employee of defendant whose "employment . . . [has] been terminated or taken off the schedule for the same reason as Plaintiff's employment was terminated or she was taken off the schedule." (Int. no. 3). Defendant produced none of the requested information in response.

The interrogatory is ambiguous as to the reason for plaintiff's being taken off the schedule. While plaintiff alleges she was taken off the schedule because of racial discrimination, defendant contends that the reason was plaintiff's inability starting in about April 2014 "to

8

provide regular availability for her to work that fit[] within the operational needs of" the Roanoke Rapids store. (Def.'s Resp. to Int. no. 3). The ambiguity in the interrogatory is appropriately resolved against plaintiff as the drafter. Therefore, for purposes of this interrogatory, the reason for plaintiff's being taken off the schedule shall be deemed to be that advanced by defendant.

The interrogatory does not include a temporal limitation, but the 1 January 2010 to response date limitation discussed in the analysis of interrogatory no. 2 is appropriately applied to the instant interrogatory. The geographical and worker-type limitations shall also apply. Defendant has not demonstrated that, with the modifications provided for, responding to this interrogatory would be unduly burdensome or otherwise violative of its rights.

Defendant shall accordingly serve on plaintiff by 21 July 2015 a verified supplemental response to interrogatory no. 3 providing the requested information for retail employees in Retail District 11 for the specified period who were terminated or taken off the schedule for the reason specified.

    **C.**     **Interrogatories Nos. 10 and 11**

Interrogatory no. 10 seeks, for the period 1 January 2010 through the date of defendant's response, a list of and other information concerning "all governmental investigations in which an employee, former employee, or prospective employee with [defendant], in the State of North Carolina, has alleged discrimination based on race, sex, or age, or retaliation for lawfully objecting to such discrimination, that have been conducted by or pending against you." (Int. no. 10). Interrogatory no. 11 seeks for the same period the name of and other information regarding "any civil action been filed in which it is or has been claimed that you have discriminated against any employee or applicant or retaliated against any employee with [defendant], in the State of

9

North Carolina who has complained about discrimination based upon race, sex or age or discharged or removed from the schedule without just cause." (Int. no. 11). In response to interrogatory no. 10, defendant stated that there have been no other Equal Employment Opportunity Commission charges relating to the Roanoke Rapids store in the specified period, and in response to interrogatory no. 11, that there have been no other lawsuits relating to the Roanoke Rapids store in this period.

Other investigations and lawsuits regarding alleged discrimination by defendant during the specified period are relevant to plaintiff's claims of disparate treatment to the extent such investigations and lawsuits concern employees similarly situated to plaintiff. Such relevance is achieved by limiting these interrogatories to retail employees in District 11 as to whom discrimination based on race and/or retaliation for complaining about such discrimination is alleged or claimed. Defendant has not demonstrated that responding to this interrogatory, as modified, would be unduly burdensome or otherwise violative of its rights.

Defendant shall accordingly serve on plaintiff by 21 July 2015 a verified supplemental response to interrogatories nos. 10 and 11 providing the requested information for investigations and lawsuits during the specified period relating to retail employees in District 11 as to whom discrimination based on race and/or retaliation for complaining about such discrimination is alleged or claimed.

### D. Interrogatories Nos. 12 to 16

These interrogatories seek the factual bases for various statements included in the Second Defense, Fourth Defense, Eighth Defense, and Eleventh Defense, respectively, in defendant's answer to the original complaint. The corresponding defenses in the answer to the amended

10

complaint are the Eleventh Defense, Twelfth Defense, Fourteenth Defense, and Fifteenth Defense.

Defendant produced none of the requested information in response to these interrogatories, contending, in effect, that it was entitled to conduct additional discovery before having to respond. To the extent this dubious proposition ever had any merit (*see* Fed. R. Civ. P. 11(b)(3)), defendant has at this point had ample opportunity to conduct discovery, as well as to investigate, the factual bases for these defenses. Defendant shall accordingly serve a verified response to these interrogatories providing the requested information by 21 July 2015.

E.  **Production Requests Nos. 14 and 15**

Production request no. 14 seeks "the time schedules for all employees of the Roanoke Rapids store/restaurant from January 12, 2012 through the date upon which you respond to this Request for Production of Documents" (Prod. Req. no. 14), and production request no. 15 "copies of the actual time records" for such employees (Prod. Req. no. 15). The reason for use of the 12 January 2012 date is not apparent.

In any event, information regarding the scheduled and actual time worked by other employees of defendant is relevant to plaintiff's allegations that plaintiff was taken off the schedule in violation of Title VII to the extent such employees were similarly situated to plaintiff. (*See* Am. Compl. ¶¶ 26, 32, 33). Such relevance is achieved by limiting these production requests to retail employees. Defendant has failed to establish that responding to these production requests would place on it an undue burden or otherwise violate its rights.

Defendant shall accordingly serve on plaintiff by 21 July 2015 the documents sought in production requests nos. 14 and 15 along with a supplemental response identifying the documents produced.

## CONCLUSION

For the reasons and on the terms set out above, plaintiff's motion to compel (D.E. 29) is ALLOWED IN PART and DENIED IN PART. Because the court finds that circumstances would make the award of expenses unjust, each party shall bear its own costs incurred in connection with the motion. *See* Fed. R. Civ. P. 37(a)(5).

SO ORDERED, this 6th day of July 2015.

_____
James E. Gates
United States Magistrate Judge