IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:14-CV-34-BO

| | |
|---|---|
| BEATRICE LOVETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ORDER |
| CRACKER BARREL OLD COUNTRY STORE, INC., | ) ) ) ) |
| Defendant. | ) ) |

This cause comes before the Court on defendant's motion for summary judgment. Plaintiff has responded, defendant has replied, and the matter is ripe for ruling. For the reasons discussed below, defendant's motion is granted.

BACKGROUND

Plaintiff (Lovett), an African American woman, filed this action against her current employer, Cracker Barrel Old Country Store (Cracker Barrel).[1] Lovett alleges that she was hired by Cracker Barrel in August 2012 as a retail shift leader trainee at a store location in Roanoke Rapids, North Carolina; Lovett was hired by Lisa Rice, a retail district manager for Cracker Barrel. Lovett began her retail shift leader training under her store manager and progressed to the second level of the training program. In the fall of 2012, Lovett's direct supervisor left the store and was temporarily replaced by a white female, Donna Kelly. Prior to Kelly's arrival, Cracker Barrel had hired Katherine Little, a white female, to work at the same location during

---

[1] Lovett filed her original complaint *pro se*. She has since, through counsel, filed two amended complaints.

the holiday season. Lovett alleges that Little had difficulty working with Lovett and other black employees and that Kelly began to train Little rather than Lovett as a shift leader. Lovett further alleges that Kelly refused to train Lovett as a shift leader and segregated the employees in the store by race.

Lovett complained about discriminatory conduct to human resources and through Cracker Barrel's Open Door hotline. In March 2013, Johnnie Moore, a female, replaced Lovett's original supervisor. Lovett alleges that Moore also refused to train her as a shift leader and that Moore made racially derogatory statements to Lovett. On September 12, 2013, Lovett filed a charge of discrimination with the Equal Employment Opportunity Commission. After filing her charge, Lovett alleges she was subjected to repeated discriminatory comments from Moore, some directly related to her filing a charge with the EEOC. Further, Lovett's hours were decreased until she was taken off the schedule and was not given hours to work for one year. Lovett alleges that between August 2012 and March 2014 she made more than a dozen complaints to her managers, district manager, human resources and others about Cracker Barrel's failure to provide training, racially discriminatory conduct, decrease in hours and eventual removal from the schedule, retaliatory conduct, and disparate discipline.

Lovett's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981. Lovett alleges that Cracker Barrel intentionally discriminated against her in her employment on account of her race and that it intentionally discriminated against her in retaliation for engaging in the protected activity of filing an EEOC charge and otherwise complaining about racial discrimination in the workplace. In her response to the motion for summary judgment, Lovett states that she has asserted two claims: that she was discriminated against because of her race when the new store managers refused to train her for

2

the shift leader position and that she suffered discriminatory retaliation after she made complaints, including filing an EEOC charge, when Cracker Barrel reduced her scheduled hours and took her off the schedule for over a year.[2]

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." *Anderson v. LibertyLobby, Inc.*, 477 U.S. 242, 252 (1986). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

---

[2] Lovett's second amended complaint, filed by counsel, also appears to assert a claim for disparate treatment in discipline based on race. [DE 52 ¶ 34]. Cracker Barrel moved for summary judgment on this issue and plaintiff failed to respond, noting in her response the two claims which she asserts. Insofar as Lovett intends to pursue her disparate treatment in discipline claim, the Court considers it waived in light of her failure to respond to Cracker Barrel's summary judgment argument. *See Satcher v. U. of Arkansas at Pine Bluff Bd. of Trustees*, 558 F.3d 731, 735 (8th Cir. 2009) ("failure to oppose a basis for summary judgment constitutes waiver of that argument.").

3

Under Title VII, it is unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race" or to "limit . . .his employees . . . in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race." 42 U.S.C. § 2000e–2(a). 42 U.S.C. section 1981 provides that "[a]ll persons . . . have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). "[T]he elements required to establish a prima facie case are the same under Title VII and Section 1981" and the Court may properly consider these two claims together. *Thompson*, 312 F.3d at 649 n.1; *see also Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015) (en banc) (prima facie case of retaliation same under Title VII and § 1981).

Because plaintiff has presented no direct evidence of discrimination, the Court considers her claims under the *McDonnell Douglas* burden shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the plaintiff can established a prima facie case of discriminatory treatment, the burden then shifts to the defendant "to articulate some legitimate, nondiscriminatory reason" for its action. *Id.* If the defendant meets this burden, the plaintiff is given the opportunity to show that the presumptively legitimate reason offered by the defendant is in fact pretext for an underlying discriminatory motive. *Id.* at 804. "Although the evidentiary burdens shift back and forth under the *McDonnell Douglas* framework," the ultimate burden of persuasion to show that the defendant intentionally discriminated remains with the plaintiff. *Love-Lane v. Martin*, 355 F.3d 766, 786 (4th Cir. 2004).

I.   FAILURE TO TRAIN

4

In order to establish a prima facie case of discriminatory failure to train, a plaintiff must show that (1) she is a member of a protected class; (2) that defendant provided training opportunities to its employees; (3) plaintiff was eligible for training opportunities; and (4) plaintiff was not provided training under circumstances giving rise to an inference of discrimination –namely, that she was denied training given to other similarly situated employees who are outside of the protected class. *Thompson*, 312 F.3d at 649-50 (citing *Pafford v. Herman*, 148 F.3d 658, 667 (7th Cir. 1998)).

Although plaintiff has established the first three elements, she has failed to show that an inference of discrimination may be drawn from the circumstances surrounding her lack of training for retail shift leader. A retail shift leader is an employee approved to serve as temporary leadership when the retail manager is absent; it is neither a full-time nor a managerial position, and shift leaders are paid a premium wage only when performing their duties as a shift leader, typically no more than two to three weeks per year. [DE 60 ¶8]. In order to qualify for selection as a retail shift leader, an employee must complete three levels of training, referred to as the Personal Achievement Responsibility (PAR) program. *Id.* at ¶9. Formal training to be a shift leader begins after an employee has completed the first two levels of the PAR program. *Id.*

Lovett alleges that Kelly and Moore refused to continue plaintiff's training for retail shift leader and instead chose to train Little, a white seasonal employee. Lovett alleges that she complained about this treatment to Rice and Cracker Barrel's human resources hotline and that no action was taken. Lovett has proffered no evidence, however, that Little was in fact promoted to retail shift leader, and has provided only her own unsupported statement that Little received

5

any retail shift leader training at all.[3] [DE 71-1]. Such "self-serving opinion[] without objective corroboration" is insufficient to create a triable issue of fact. *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996).

As Lovett has failed to create a triable issue of fact as to whether similarly situated employees outside of the protected class received training not provided to her, she has failed to establish a prima facie case. Additionally, even if the Court were to assume that Lovett had established a prima facie case of discriminatory failure to train, Lovett has failed to rebut Cracker Barrel's legitimate, nondiscriminatory basis for not continuing Lovett's retail shift leader training. Lovett made numerous complaints and accusations about other employees which Cracker Barrel determined to be baseless. For example, Lovett accused Little of stealing Christmas garland and Moore, her retail manager, of taking store merchandise and selling it on eBay. [DE 58]. Both accusations were investigated by the General Manager and found to be without merit. *Id.* Rice informed Lovett in February 2013 that Lovett's "repeated pattern of making false claims against coworkers and managers had rendered her ineligible for the Retail Shift Leader position." [DE 63 ¶ 19]; *see also* [DE 63 ¶ 23] ("I would not have certified [Lovett] even if she had achieved PAR III . . . based on her pattern of making unsubstantiated complaints about other employees . . .").

Lovett has failed to proffer any evidence which would rebut Cracker Barrel's assertion that it had a legitimate reason to discontinue her shift leader training in order to demonstrate

---

[3] The burden is also on Lovett to establish that her comparator, whom she has identified as Little, is a similarly situated individual in all relevant respects. *See Ward v. City of N. Myrtle Beach*, 457 F. Supp. 2d 625, 643 (D.S.C. 2006) (plaintiff must show that comparator dealt with the same supervisor, was subject to the same standards, and engaged in the same conduct without mitigating circumstances which would distinguish them from plaintiff). Plaintiff has not proffered any evidence that Little was similarly situated in all relevant respects.

pretext. She has thus failed to create a triable issue of fact and summary judgment on this issue is appropriate.

II. RETALIATION

"To establish a prima facie case of retaliation in contravention of Title VII, a plaintiff must prove (1) that she engaged in a protected activity, as well as (2) that her employer took an adverse employment action against her, and (3) that there was a causal link between the two events. *Boyer-Liberto*, 786 F.3d at 281 (internal quotation and citation omitted). As above, if the plaintiff can establish a prima facie case, the burden shifts to the employer to show a legitimate, non-discriminatory reason for the adverse action. *Foster v. U. of Maryland-E. Shore*, 787 F.3d 243, 250 (4th Cir. 2015). The burden then shifts back to the plaintiff to establish that the employer's proffered reason is mere pretext for discrimination. *Id.*

Lovett undoubtedly engaged in protected activity by, *inter alia*, filing formal internal complaints and by filing a charge with the EEOC. Changes in an employee's pay by failing to schedule the employee to work can be considered to be an adverse employment action. *See Evans v. Larchmont Baptist Church Infant Care Ctr., Inc.*, 956 F. Supp. 2d 695, 705 (E.D. Va. 2013) (reduction of weekly hours adverse employment action). Further, Lovett's supervisors were aware of Lovett's complaints and her EEOC charge, *see Holland v. Washington Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007) (supervisor's knowledge of complaints sufficient to make a prima facie case of retaliation), and the adverse employment action occurred roughly six months after she filed her EEOC charge and within weeks of filing an internal formal complaint. *Carter v. Ball*, 33 F.3d 450, 460 (4th Cir. 1994) (adverse employment action "soon after the employee engages in protected activity is strongly suggestive of retaliatory motive and thus indirect proof of causation."); *see also Foster*, 787 F.3d at 251 (burden of establishing causation

7

at the prima facie stage is less onerous than at the pretext stage). Thus, the Court holds that plaintiff has stablished a prima facie case of retaliation. However, Lovett has failed to rebut Cracker Barrel's proffered legitimate and nondiscriminatory reason for reducing her hours and eventually removing her from the schedule.

Lovett's formal complaints about her treatment as an employee began when she filed a guest relations ticket through the Open Door hotline on January 28, 2013. [DE 56-7]. Lovett complained that Little was making discriminatory remarks and refused to work with Lovett because she is a person of color. Cracker Barrel commenced an investigation and the accusation was determined to be baseless. *Id.* Lovett in her deposition testimony denies having alleged that Little would not work with her because she is person of color. [DE 56-3 at 138].

On September 5, 2013, Lovett entered her second guest relations ticket through the Open Door hotline. [DE 56-8]. On September 12, 2013, Lovett filed a charge of discrimination with the EEOC alleging discrimination based on race and retaliation for complaining of racial discrimination. [DE 56-12]. On September 30, 2013, Lovett indicated to Moore that she was no longer available to work on Saturdays. [DE 56-13]. Lovett filed two additional guest relation tickets in December 2013 and March 2014. [DE 56-13;14]. Also in March 2014, Lovett again restricted her schedule availability, removing all weekend shifts. [DE 56-16]. Lovett was informed that her lack of availability on the weekends would affect Moore's ability to schedule her for shifts during the week as her schedule did not reflect those hours "necessitated by Cracker Barrel's business needs," and that a new employee would need to be hired to fill in the gaps. [DE 56-15 at 4]; [DE 56-17].

Cracker Barrel contends that Moore's motivation to reduce Lovett's hours was not in retaliation for Lovett's complaints but was in response to Lovett's reduction in availability and

8

the needs of the store. According to Moore, Cracker Barrel conducts a significant amount of its business on the weekends, and those employees who are available to work during the weekends are also given weekday shifts if available. [DE 59 at 3-4]; *see also* [DE 59-3 at 45 "Cracker Barrel cannot guarantee a certain number of hours for any employee"]. Moore met with Lovett on April 22, 2014, and explained that Lovett would not be scheduled for any hours unless she could add a dedicated weekend shift to her availability. [DE 59 ¶ 24]. Lovett declined to do so. *Id.*

As Lovett correctly notes, pretext "is a lie or deceit designed to cover one's tracks." *Cardoso v. Robert Bosch Corp.*, 427 F.3d 429, 435 (7th Cir. 2005). Indeed, if Lovett could show that her hours were reduced under suspicious circumstances and that Cracker Barrel had lied about its reasons for reducing her hours, a jury may conclude that "retaliatory animus" was actually the cause of the adverse employment action. *Foster*, 787 F.3d at 250. Lovett has not proffered any evidence which would tend to show that Cracker Barrel has lied about its reasons for reducing and ultimately eliminating her hours. For example, Lovett has not proffered evidence that any other similarly situated employee who was not available to work weekend shifts kept weekday shifts. *See Walker v. Mod-U-Kraf Homes, LLC*, 775 F.3d 202, 211 (4th Cir. 2014) (evidence that employer treated similarly situated individuals differently can be evidence of pretext). As noted above, there undoubtedly is a temporal relationship between Lovett's complaints and the adverse employment action, but while temporal proximity between a protected action and the adverse employment action may be prima facie evidence of causation, timing alone will not generally be sufficient to overcome an employer's legitimate, non-discriminatory basis for its action. *See e.g. Roberson v. Alltel Info. Services*, 373 F.3d 647, 656 (5th Cir. 2004).

9

It is not the province of this Court to decide whether Cracker Barrel's decision to reduce and then eliminate Lovett's hours was "wise, fair, or even correct," so long as Cracker Barrel's decision was not based on Lovett's having engaged in activities protected by Title VII. *DeJarnette v. Corning Inc.*, 133 F.3d 293, 299 (4th Cir. 1998) (quotation and citation omitted). Lovett must be able to demonstrate that retaliation was the but-for cause of Cracker Barrel's reduction in and elimination of her hours. *Foster*, 787 F.3d at 252. With her own, self- serving declaration as her primary evidence, Lovett has failed to satisfy her burden on this issue.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment [DE 55] is GRANTED. The clerk is DIRECTED to enter judgment in favor of defendant and close the file.

SO ORDERED, this 23 day of March, 2016.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE